## CRAVEN *v.* THE STATE.

The only person indictable under section 420 of the Penal Code, for the running of a freight or excursion train on the Sabbath day, is the superintendent of transportation, or the officer having charge of the business of that department of the railroad company.　Accordingly, where an excursion-train was run on the Sabbath day by order of the superintendent of transportation, he alone having authority to give the order, a trainmaster who, in pursuance of such instruction, merely directed the "making up" of the train, selected its crew, and provided whatever was necessary for its safe and proper running, was not guilty of a violation of such section.

Argued November 6, — Decided November 28, 1899.

Indictment for running excursion-train on Sunday.　Before Judge Sheffield.　Quitman superior court.　September term, 1899.

*W. D. Kiddoo,* for plaintiff in error.　*J. R. Irwin, solicitor-general,* by *King & Anderson* and *Lewis W. Thomas,* contra.

FISH, J.　The indictment charged, in substance, that the accused, being in the employ of the Central of Georgia Railway Company, and having under his charge the transportation department of such company, on a given Sunday permitted

and ordered the running of an excursion-train over the line of the company's road in Quitman County. Section 420 of the Penal Code, upon which the indictment was based, is as follows: "If any freight-train, excursion-train or other train than the regular trains run for the carrying of the mails or passengers, shall be run on any railroad on the Sabbath day, the superintendent of transportation of such railroad company, or the officer having charge of the business of that department of the railroad, shall be liable to indictment in each county through which such train shall pass, and shall be punished as for a misdemeanor." It is quite apparent that this section means to provide a punishment for only the officer who is primarily responsible for the running of a freight or excursion-train on Sunday, that is, the officer having charge of the business of the transportation department of the company, who is usually the superintendent of transportation. The various subemployees who, under the orders of such an officer, arrange for and actually engage in the running of the train are not subject to indictment under this statute. Applying this construction of the law to the facts of the case under consideration, we are of opinion that the verdict was unauthorized. The evidence was, that the transportation department of the railroad company was in charge of a superintendent of transportation, and that he alone had the power to order that extra passenger or excursion trains should be run; that the accused was a trainmaster of the company, and that his duties were, when an extra passenger or excursion train was ordered out by special instruction of such superintendent, to direct what engine and cars should constitute the train, to select a crew for the same, and to provide everything that was necessary for its safe and proper running; that whenever it became necessary to move freight which had accumulated on his division of the road, the accused had the right and it was his duty, without any special order from the superintendent of transportation, but under his general orders, to order out and have run extra freight-trains; that the accused had no such authority, however, as to extra passenger or excursion trains; that as to the running of the excursion-train for which the accused was in-

dicted, the superintendent of transportation ordered him to have it run, and that, in pursuance of such order, the accused directed the making up of the train, selected its crew, and provided whatever was necessary for its safe and proper running. These facts were insufficient to sustain the charge, and ·the court erred in overruling the motion for a new trial.

*Judgment reversed.    All the Justices concurring.*