## VAUGHAN et al. v. THE STATE.

1. When the statute which prevents the running of any freight-train and other named trains on Sunday over any railroad in this State has been violated, only the superintendent of transportation of such railroad, or the officer having charge of the business of the transportation department of that railroad, is liable to indictment therefor.
2. An indictment preferred against the "superintendent" of the railroad and the "master of trains" of such railroad jointly, although it is alleged that such officers "had charge of the business pertaining to the running of trains" on such railroad, is defective, and should be dismissed on demurrer.

Argued December 15, 1902.— Decided January 8, 1903.

Indictment for running freight-train on Sunday. Before Judge Fite. Whitfield superior court. October 30, 1902.

*Sanders McDaniel* and *I. E. Shumate,* for plaintiffs in error.
*Sam. P. Maddox, solicitor-general,* and *W. C. Martin,* contra.

LITTLE, J. The grand jury, at the October term of Whitfield superior court, returned a special presentment charging W. A. Vaughan and W. N. Foreacre with the offense of a misdemeanor. The specific charge contained in the indictment is in the following language: "For that said W. A. Vaughan and W. N. Foreacre, on the 15th day of July, in the year 1900, in the county aforesaid, did then and there, unlawfully, and with force and arms, W. A. Vaughan being the superintendent of the Southern Railway Company, and W. N. Foreacre being the master of trains of said Southern Railway Company, and the officers having charge of the business pertaining to the running of trains on said Southern Railway, did run a freight-train on said Southern Railway on the Lord's day, commonly called the Sabbath day, said trains not having one or more car-loads of live stock, and said train not being a special fruit, melon and vegetable train, the cars of which contained no other freight except perishable fruits, melons, and vegetables, fresh fish,

oysters," &c.  On arraignment the defendants presented a demurrer containing several grounds, which being overruled, they excepted.

We find it necessary, in determining this case, to consider only one question, that is, whether the superintendent and master of trains of a railroad are subject to indictment for the running of a freight-train over the railroad of a company of which they are officers, in violation of law, in the absence of allegations that such company had no superintendent of transportation, and that the persons indicted had charge of the transportation department of such company.  The presentment was founded on the Penal Code, § 420, which, omitting certain exceptions therein named, declares that "if any freight-train . . shall be run on any railroad on the Sabbath day, the superintendent of transportation of such railroad company, or the officer having charge of the business of that department of the railroad, shall be liable to indictment in each county through which such train shall pass, and shall be punished as for a misdemeanor."  It is declared by the same code, § 421, that on the trial for a violation of the terms of the section just cited, it shall not be necessary to allege or prove the name of any employee engaged on such train, but it shall be sufficient to prove that the train was run.  The statute was enacted in the exercise of the police power inherent in the State, for the purpose of preventing a violation of the Sabbath day.  It will be noted that it is not sought to impose a penalty on the railroad corporation for a violation of this law, but the means for enforcing the statute is by the indictment of a particular officer of the corporation.  One who is merely engaged as an employee in the running and operation of the train commits no offense under the terms of the statute, and, as was ruled in the case of *Craven* v. *State,* 109 *Ga.* 266, the trainmaster as such is not liable to indictment for a violation of the statute.  The act names the particular officer of the railroad corporation over whose line the train was run, who is liable to indictment.  It declares that "the superintendent of transportation of such railroad company, or the officer having charge of the business of that department of the railroad, shall be liable," etc.  Inasmuch as the statute declares which particular officer of the corporation shall be liable for a violation of the law, no other than the one so named can be lawfully convicted.  It can easily be conceived that a rail-

road company could not readily run and operate its trains unless direct authority had been given to some officer or agent to cause the same to be done. The contemplation of the statute is, that where a freight-train has been run on the Sabbath day in violation of law, if the railroad company over whose line such train has been operated has a superintendent of transportation, that officer and that officer alone shall be liable to indictment for this infraction of the law. If, however, such company has no officer with the powers of and designated as the superintendent of transportation, then that officer of the company who has charge of the business of the transportation department of the railroad shall be liable to indictment. It is not at all contemplated that two persons occupying different relations to the company shall be equally indictable, but it is contemplated that one person shall be punished, and that person shall be the one who has general charge of the transportation department of the company. If the train was in fact not run and operated under his direction, he can not be convicted, because in section 421 it is declared that the defendant may justify himself by proving that the employees engaged on the train acted in direct violation of his orders and rules. So that no indictment will lie under this section against any other person than the superintendent of transportation of such railroad, if there be such officer. If there be none, then that officer of the company who has charge of the business of the transportation department is subject to indictment.

It is possible, but scarcely conceivable, that there may be two persons with equal authority in charge of the transportation department. In that event we think that the provision for indictment could properly be directed against him under whose orders the train was run. The indictment we are considering does not allege that the Southern Railway Company has no superintendent of transportation, but it places the liability for the running of the freight-train on two officers having different and distinct duties, one the superintendent, the other the master of trains. In the *Craven* case, cited above, it appeared that the accused was a train-master who directed the making up of the train, the selection of the crew, etc., under orders of a superior officer; and it was ruled that he was not subject to indictment under this statute, and in the course of his opinion Mr. Justice Fish said on this point: " It is

quite apparent that this section means to provide a punishment for only the officer who is primarily responsible for the running of a freight . . train on Sunday, that is, the officer having charge of the business of the transportation department of the company, who is usually the superintendent of transportation.  The various subemployees who, under the orders of such an officer, arrange for and actually engage in the running of the train are not subject to indictment under this statute."  It is, however, replied that the indictment further charges that the superintendent and master of trains named were " the officers having charge of the business pertaining to the running of trains on said Southern Railway."  It will be noted, however, that the officer having charge of the business *pertaining* to the running of trains is not made the subject of indictment, but only the officer who has charge of the business of the transportation department of the railroad.  It may fairly be assumed that many persons engaged in different capacities with a railroad company had charge of business " pertaining to the running of the trains."  But it is not on them that the statutory penalty is to be imposed for a violation of the law.  It is only upon that person who has charge of the business of the transportation department.  To meet the requirements of the statute, if the Southern Railway, over which it was alleged the freight-train was run on Sunday, had a superintendent of transportation, he only could be indicted.  If that company did not have a superintendent of transportation, then only the officer having charge of the business of the transportation department of that railroad company was liable to indictment.  If our construction of this statute is correct, it follows that no conviction of either of the persons named in the presentment could lawfully be had, and that the demurrer should have been sustained on the ground above set out.

*Judgment reversed.  All the Justices concurring, except Lumpkin, P. J., absent.*